IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CAROLYN KEE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-2776-N |
| | § | |
| SAFECO INSURANCE COMPANY OF | § | |
| INDIANA, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Defendant Safeco Insurance Company of Indiana's ("Safeco") motion for summary judgment [11]. For the reasons below, the Court grants in part and denies in part Safeco's motion.

## I. ORIGIN OF THE DISPUTE

This case arises from a claim for storm damage filed by Plaintiff Carolyn Kee ("Kee") under her homeowner's insurance policy. Pltf.'s Brief Resp. Mot. Summary Judgment 1 [12]. Kee alleges that Safeco, her insurer, conducted an inspection of her property and reported minimal damage falling below her policy's deductible. *Id.* Kee filed suit against Safeco alleging a breach of contract claim, Texas Prompt Payment of Claims Act claim, and extracontractual claims under the Texas Insurance Code. Original Pet. [1.3]. Safeco then pursued a binding appraisal process, provided under the insurance policy; the resulting appraisal award was significantly higher than Safeco's initial damage

assessment. Pltf.'s Brief Resp. Mot. Summary Judgment 1–2 [12]. Upon payment of the appraisal award, Safeco sought summary judgment on all Kee's claims.

## II. SUMMARY JUDGMENT LEGAL STANDARD

Courts "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986). In making this determination, courts must view all evidence and draw all reasonable inferences in the light most favorable to the party opposing the motion. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The moving party bears the initial burden of informing the court of the basis for its belief that there is no genuine issue for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made the required showing, the burden shifts to the nonmovant to establish that there is a genuine issue of material fact such that a reasonable jury might return a verdict in its favor. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986). Factual controversies are resolved in favor of the nonmoving party "'only when an actual controversy exists, that is, when both parties have submitted evidence of contradictory facts.'" *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 525 (5th Cir. 1999) (quoting *McCallum Highlands, Ltd. v. Washington Capital Dus, Inc.*, 66 F.3d 89, 92 (5th Cir. 1995)).

### III. THE COURT DENIES SAFECO'S MOTION FOR SUMMARY JUDGMENT ON KEE'S BREACH OF CONTRACT CLAIM

#### A. *Estoppel Legal Standard*

Under Texas law, estoppel is an affirmative defense to a breach of contract claim. *Church on the Rock N. v. Church Mut. Ins. Co.*, 2013 WL 497879, at *6 (N.D. Tex. Feb. 11, 2013) (citing *Richardson v. Allstate Tex. Lloyd's*, 235 S.W.3d 863, 865 (Tex. App. — Dallas 2007, no pet.)). A party asserting estoppel must show that (1) a binding and enforceable appraisal award exists; (2) the insurer timely paid the award; and (3) the insured accepted the payment. *See Blum's Furniture Co., Inc. v. Certain Underwriters at Lloyds London*, 459 F. App'x 366, 368 (5th Cir. 2012) (quoting *Franco v. Slavonic Mut. Fire Ins. Ass'n*, 154 S.W.3d 777, 787 (Tex. App. — Houston [14th] 2004, no pet.)). Timeliness of payment, for purposes of an estoppel defense, is determined by the parties' contract. *Church on the Rock N.*, 2013 WL 497879, at *6. When a party moves for summary judgment on a breach of contract claim, raising estoppel, that party bears the burden of proof. *Id.*

#### B. *Safeco Has Not Met Its Burden of Proof on its Estoppel Defense Because it Has Not Established the Timeliness of Payment*

Kee argues that Safeco has not met its burden of proof on its estoppel defense because it has not provided evidence establishing timeliness of payment. The Court agrees. While Safeco asserts it timely paid the entirety of the appraisal award in compliance with Texas Insurance Code provisions, Def.'s Mot. Summary Judgment 3 [11], these requirements govern timeliness for TPPCA claims and are insufficient to establish timeliness of payment for purposes of estoppel. *See Church on the Rock N.*, 2013 WL

497879, at *6. Safeco has not produced the parties' insurance contract or any other evidence of appraisal requirements set forth in the contract that would show timeliness. Because there is a genuine dispute of material fact regarding whether payment of the appraisal award was timely under the insurance contract, the Court denies summary judgment on the breach of contract claim and grants Safeco leave to refile.

### IV. THE COURT DENIES SAFECO'S MOTION FOR SUMMARY JUDGMENT ON KEE'S TPPCA CLAIM

#### A. *Legal Standard*

The Texas Prompt Payment of Claims Act ("TPPCA") authorizes parties to bring claims for improperly delayed payment of benefits. TEX. INS. CODE § 542.058. Payment of an appraisal award alone does not as a matter of law bar a TPPCA claim and neither establishes nor forecloses liability for the underlying claim. *Barbara Tech. Corp. v. State Farm Lloyds*, 2019 WL 2710089, at *11–12 (Tex. 2019). Further, TPPCA claims are not derivative claims, and a TPPCA claim may survive summary judgment even if a breach of contract or extracontractual claim does not. *Ortiz v. State Farm Lloyds*, 2019 WL 2710032, at *1 (Tex. 2019).

#### B. *Safeco's Payment of the Appraisal Award Does Not Establish Success Against Kee's TPPCA Claim as a Matter of Law*

In addressing Kee's TPPCA claim, Safeco argues only that it timely paid the appraisal award "in accordance with the prompt payment provisions" and that there is no breach of contract. Def.'s Mot. Summary Judgment 3 [11]. Pursuant to recent Texas Supreme Court caselaw, this is insufficient to show it is entitled to judgment against Kee's

TPPCA claim as a matter of law. *Barbara Tech. Corp.*, 2019 WL 2710089, at *8. The Court consequently denies summary judgment on this claim.

### V. THE COURT GRANTS SAFECO'S MOTION FOR SUMMARY JUDGMENT ON KEE'S EXTRACONTRACTUAL CLAIMS

Under the Texas Insurance Code, parties bringing claims for statutory violations may in some cases recover policy benefits as actual damages. *USAA Tex. Lloyds Co. v. Menchaca*, 545 S.W.3d 479, 489 (Tex. 2019); *see* TEX. INS. CODE ANN. § 541.152(a). Recently, the Texas Supreme Court clarified the prerequisites to recovering policy benefits for extracontractual claims in its *USAA Texas Lloyds Co. v. Menchaca* opinion. *Menchaca*, 545 S.W.3d at 484.

#### A. Legal Standard

A party claiming policy benefits as actual damages for extracontractual claims need not show either breach of contract or independent injury to recover. *Id.* at 489, 494. Independent injury is an alternative ground that may be used to recover policy benefits for extracontractual claims when a claimant is otherwise not entitled to policy benefits, but it is not a threshold requirement to recovery. *Id.* at 489; *see also Aldous v. Darwin Nat'l Assurance Co.*, 889 F.3d 798, 799 (5th Cir. 2018).

It is necessary, however, that a party establish both that (1) it is entitled to policy benefits, and (2) the alleged statutory violation proximately caused the loss of some policy benefits. *Menchaca*, 545 S.W.3d at 489, 492. "Entitled to benefits" simply means that the claimant's insurance policy entitles her to policy benefits of some amount for a claimed loss, regardless of whether there is a breach of contract. *Id.* at 494. Proximate cause is

ORDER – PAGE 5

satisfied if the alleged statutory violation caused the claimant to "lose benefits she was otherwise entitled to receive." *Menchaca*, 545 S.W.3d at 503.

### B. Kee Cannot Show That Safeco's Alleged Statutory Violations Proximately Caused a Loss of Policy Benefits

Safeco suggests that summary judgment should be granted because Kee cannot prevail on a breach of contract claim and has not pled an independent injury, arguing that a claimant must establish one of these to succeed. Def.'s Mot. Summary Judgment 4–5 [11]. Kee counters that because neither breach of contract nor independent injury are prerequisites to success on extracontractual claims under Texas law, summary judgment is inappropriate. Pltf.'s Brief Resp. Mot. Summary Judgment 7–10 [12]. While Kee has correctly interpreted the rules in *Menchaca*, she has incorrectly argued that the principles in that case prevent summary judgment on her extracontractual claims.

Kee is seeking policy benefits as the sole measure of actual damages for her extracontractual claims, but she has suffered no loss of those policy benefits proximately caused by the alleged statutory violations. Summary judgment evidence has established that policy benefits were paid via the appraisal award. Def.'s Exhibits 1.A and 1.B [11.2, 11.3]; *see Ortiz*, 2019 WL 2710032, at *5 (granting summary judgment on extracontractual claims because "the only 'actual damages' [plaintiff] seeks are the policy benefits wrongfully withheld, and those benefits have already been paid pursuant to the policy"). Kee does not contend that the appraisal award was insufficient, nor does she request any other form of actual damages. *See Ortiz*, 2019 WL 2710032, at *5 (stating that attorney's

satisfied if the alleged statutory violation caused the claimant to "lose benefits she was otherwise entitled to receive." *Menchaca*, 545 S.W.3d at 503.

### B. Kee Cannot Show That Safeco's Alleged Statutory Violations Proximately Caused a Loss of Policy Benefits

Safeco suggests that summary judgment should be granted because Kee cannot prevail on a breach of contract claim and has not pled an independent injury, arguing that a claimant must establish one of these to succeed. Def.'s Mot. Summary Judgment 4–5 [11]. Kee counters that because neither breach of contract nor independent injury are prerequisites to success on extracontractual claims under Texas law, summary judgment is inappropriate. Pltf.'s Brief Resp. Mot. Summary Judgment 7–10 [12]. While Kee has correctly interpreted the rules in *Menchaca*, she has incorrectly argued that the principles in that case prevent summary judgment on her extracontractual claims.

Kee is seeking policy benefits as the sole measure of actual damages for her extracontractual claims, but she has suffered no loss of those policy benefits proximately caused by the alleged statutory violations. Summary judgment evidence has established that policy benefits were paid via the appraisal award. Def.'s Exhibits 1.A and 1.B [11.2, 11.3]; *see Ortiz*, 2019 WL 2710032, at *5 (granting summary judgment on extracontractual claims because "the only 'actual damages' [plaintiff] seeks are the policy benefits wrongfully withheld, and those benefits have already been paid pursuant to the policy"). Kee does not contend that the appraisal award was insufficient, nor does she request any other form of actual damages. *See Ortiz*, 2019 WL 2710032, at *5 (stating that attorney's

fees, costs, and statutory treble damages are not actual damages). The Court thus finds there is no genuine dispute of material fact as to the extracontractual claims.

Kee argues that this outcome will result in carte blanche for insurance companies to deny or underestimate claims in bad faith then avoid consequences by paying appraisal awards after suits are filed. Pltf.'s Brief Resp. Mot. Summary Judgment 10 [12]. The Texas Insurance Code, however, curtails the risk of abuse by providing an action for failure to promptly pay, which the Texas Supreme Court has stated may survive even when extracontractual claims fail. *Ortiz*, 2019 WL 2710032, at *1. In fact, Kee's TPPCA claim does survive summary judgment here, placing her in the same posture as the plaintiff in *Ortiz*. *See id.* at *6. Because Kee cannot establish the prerequisites necessary to recover actual damages on her extracontractual claims, the Court grants summary judgment on these claims.

## CONCLUSION

The Court denies Safeco's motion for summary judgment as to Kee's breach of contract and TPPCA claims but grants Safeco summary judgment on Kee's extracontractual claims.

Signed October 31, 2019.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 7